1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEMRTRIA DELARGE,

        Plaintiff,

    v.

HAYWARD UNIFIED SCHOOL DISTRICT,
et al.,

        Defendants.

_____/

No. C 10-01000 JSW

**ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS**

      Now before the Court is the motion to dismiss filed by defendants Hayward Unified

School District (the "District"), Christy Gerren ("Gerren"), Chein Wu-Fernandez, Donna

Becnel ("Becnel"), Thomas Acord, Jose Lopez, Lisa Glover-Gardin, Sara Gonzales, Jeff Cook,

Paula Gardner ("Gardner"), Jeanne Batey ("Batey"), Sergio Saenz, and Paul Frumkin

(collectively "Defendants").  Having considered the parties' papers, the relevant legal authority,

and the record in this case, this Court GRANTS Defendants' motion to dismiss.[1]

**BACKGROUND**

      Plaintiff Demetria DeLarge ("DeLarge"), was employed by the District as a

paraeducator in the Youth Enrichment Program ("YEP") at Bowman Elementary School

("Bowman") until she was terminated March 2008.  (Compl., ¶¶ 21-22, 63.)

      DeLarge alleges she had a contentious relationship with her employer dating back to at

least 2006, when Gerren was hired as "Coordinator of Before & After School Programs."  (*Id.*,

¶ 26.)  DeLarge alleges that Gerren "[instituted] a policy of staffing the before and after school

_____

[1] The Court GRANTS Defendants' request to take judicial notice.  Fed. R. Evid. 201.

programs with people whom would only be loyal to her regardless of the individual's merit." (*Id.*)

DeLarge alleges that on November 3, 2006, she expressed concerns to a coworker that the staff at Bowman could not "properly supervise the approximately 100 children [in the YEP program] in the absence of an on-site coordinator." (*Id.*, ¶ 27.)  Three days later, Hector Torres ("Torres"), a person with whom DeLarge had disagreed with in the past, was transferred to Bowman. (*Id.*, ¶ 28.)  DeLarge alleges that Gerren transferred Torres specifically to "incite [DeLarge] to take some action for which she could have been disciplined by Gerren." (*Id.*, ¶ 29.)

After Torres' transfer, DeLarge alleges that Gerren disciplined her on several occasions.  On November 13, 2006, Gerren admonished DeLarge for using her cell phone on the job. (*Id.* ¶ 31.)  On December 7, 2006, Gerren admonished DeLarge in writing.  DeLarge does not allege why she was disciplined. (*Id.*, ¶ 35-36.)  On March 15, 2007, Gerren again reprimanded DeLarge in writing.  DeLarge alleges that Gerren reprimanded her for prematurely leaving a performance evaluation meeting with Gerren. (*Id.*, ¶ 44.)  DeLarge alleges that instead of discussing her performance evaluation, DeLarge and Gerren rehashed previous disputes including DeLarge's previous admonishment for using her cell phone. (*Id.*, ¶ 41.)  Gerren again reprimanded DeLarge on August 14, 2007, "regarding attempted meetings with [DeLarge] on June 8, 2007 and June 25, 2007" intended to address DeLarge's grievances. (*Id.*, ¶ 48.)  However, DeLarge does not allege the conduct for which she was being reprimanded.

DeLarge alleges that around August 27, 2007, Gerren placed her on paid administrative leave for unspecified reasons. (*Id.*, ¶ 50.)  DeLarge alleges that she requested Defendants to investigate her involuntary leave, but each person DeLarge contacted refused to investigate her claims.  However, DeLarge alleges that a Mr. Cole ("Cole") sent her a letter around September 4, 2007, in which he wrote that his investigation of her claims did not support her allegations. (*Id.*, ¶ 51.)  Delarge also alleges that Cole notified her that she was being suspended for "10 days for inefficiency, insubordination, and inattention to duty." (*Id.*, ¶ 52.)  Cole then sent this notice to other District employees. (*Id.*)

United States District Court
For the Northern District of California

Around October 19, 2007, the Board of Education of the District (the "Board") suspended DeLarge for ten days retroactive to October 10, 2007. (*Id.*, ¶ 54.) DeLarge alleges that she tried to discuss her suspension with each of the defendants, but they refused. (*Id.*) DeLarge also alleges that defendant Becnel, Superintendent Vigil, and all of the named individual defendants published the allegations against her to "members outside of the personnel department." (*Id.*, ¶ 55.)

From October 19, 2007 until November 14, 2007, according to DeLarge, the District suspended her several times without providing her an opportunity to respond. (*Id.*, ¶ 56.) DeLarge emailed several times seeking assistance to remove allegations from her personnel file, and to be reimbursed for lost funds. (*Id.*, ¶ 57.) On November 15, 2007, Gardner blocked DeLarge's access to the District's email system. (*Id.*)

In December 2007, according to DeLarge, the District notified her that she was either going to be suspended with pay or terminated. (*Id.*, ¶ 58.) DeLarge responded to the notice, but Defendants "thwarted" her attempts "to obtain her due process rights." (*Id.*) In January 2008, DeLarge contacted defendant Batey, Director of Personnel for Classified Employees, to resolve the longstanding dispute and potentially recover her position. Batey refused to rescind the previous actions, and instead informed DeLarge that the matter would be before the Board on February 13, 2008. (*Id.*, ¶ 59.) DeLarge filed another response to the allegations against her with the Board. (*Id.*, ¶ 60.) She argued to the Board that the proposed discipline was illegal and was designed to frustrate her right to file a grievance. (*Id.*) The Board did not discuss her matter at the February 13, 2008 meeting. (*Id.*, ¶ 61.)

DeLarge alleges that on February 29, 2008 she spoke with Batey about her employment matter. DeLarge complained that her termination violated the "Merit System Law of the State of California." (*Id.*, ¶ 62.) According to DeLarge, Batey attempted to arrange a "*Skelly*" hearing regarding her complaints. (*Id.*) DeLarge turned down the opportunity for a "*Skelly*" hearing. (*Id.*) Instead, DeLarge responded that she had already stated her position, that her

1   grievances had either not been acted on or ignored, and that she was going to "tell her side in

2   open session to the Board."[2]  (*Id.*)

3       DeLarge filed another grievance on March 5, 2008.  (*Id.*, ¶ 63.)  Around March 19,

4   2008, Batey notified DeLarge that the Board terminated DeLarge as of March 12, 2008,

5   effective March 13, 2008.  (*Id.*)

6       DeLarge filed an administrative claim against the District for wrongful termination

7   under the California Tort Claims Act ("CTCA") on September 10, 2008.  The administrative

8   body denied her cause of action on December 19, 2008.  DeLarge filed this action on March 12,

9   2009.  DeLarge claims that Defendants violated 42 U.S.C. § 1983, the California Whistleblower

10  Protection Act ("CWPA"), and other state-law torts while she was employed and when she was

11  terminated.

**ANALYSIS**

**I.     Legal Standard on a Motion to Dismiss.**

14      A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

15  pleadings fail to state a claim upon which relief can be granted.  The complaint is construed in

16  the light most favorable to the non-moving party and all material allegations in the complaint

17  are taken to be true.  *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).  The Court,

18  however, is not required to accept legal conclusions cast in the form of factual allegations, if

19  those conclusions cannot be reasonably drawn from the facts alleged.  *Clegg v. Cult Awareness*

20  *Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286

21  (1986)).  Conclusory allegations, without more, are insufficient to defeat a motion to dismiss for

22  failure to state a claim upon which relief may be granted.  *McGlinchy v. Shell Chemical Co.*,

23  845 F.2d 802, 810 (9th Cir. 1988).  Even under the liberal pleading standard of Federal Rule of

24  Civil Procedure 8(a)(2) a plaintiff must do more than recite the elements of the claim and must

25  "provide the grounds of his entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

26  555 (2007) (internal brackets and quotations omitted).  The pleading must not merely allege

27

28      [2] DeLarge does not allege that the offered "*Skelly*" hearing was insufficient to meet
    her needs, or any other facts regarding the offered hearing.

United States District Court
For the Northern District of California

1    conduct that is conceivable.  Rather, plaintiffs must allege "enough facts to state a claim to

2    relief that is plausible on its face."  *Id.* at 570.

3    **II.       The Defendant's Motion.**

4              **A.       DeLarge Fails to State a Claim Under 42 U.S.C. § 1983.**

5              "To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) that the conduct

6    complained of was committed by a person acting under color of state law; and (2) that the

7    conduct deprived the plaintiff of a constitutional right."  *Lebbos v. Judges of Superior Court*,

8    883 F.2d 810, 817 (9th Cir. 1989).  DeLarge claims that Defendants violated her rights to

9    freedom of speech, equal protection, and procedural and substantive due process.  Defendants

10   argue that DeLarge's Section 1983 claim based on allegations other than her termination are

11   barred by the applicable statute of limitations.  Defendants also argue that DeLarge has not

12   adequately plead a claim under Section 1983, because she does not allege facts demonstrating

13   that Defendants violated the First or Fourteenth Amendments.

14              **1.       DeLarge's Section 1983 Claim, to the Extent it is Premised on Allegations
15                         Other than Her Termination, is Time-Barred.**

16              Defendants argue that, with the exception of DeLarge's termination, her Section 1983

17   claim is barred by the statute of limitations.  DeLarge replies that the statute of limitation should

18   be tolled because she filed an action under the California Tort Claims Act ("CTCA") within the

19   statutory period.  Alternatively, DeLarge argues that the theory of continuing violations saves

20   her allegations occurring outside the limitations period.  Neither argument has merit.

21              Even if tolling applied, DeLarge's non-termination allegations under her Section 1983

22   claim would still be time-barred.  In California, a plaintiff has two years to file a Section 1983

23   claim.  *Luchessi v. Bar-O Boys Ranch*, 353 F.3d 691, 694 (9th Cir. 2003); *see also* Cal. Code

24   Civ. Proc. § 335.1.  DeLarge filed this suit March 9, 2010.  She filed a CTCA claim against the

25   District on September 10, 2008 that was rejected on December 19, 2008, 100 days later.  If

26   tolled, she would be allowed to bring claims related to her CTCA claim that occurred two years

27   and 100 days before she filed suit in this Court.  Thus, DeLarge's suit could include claims

28   regarding the defendants' conduct after November 29, 2007.  However, with the exception of

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1   her termination, the most recent violation that she alleges occurred before November 15, 2007.

2   (Compl., ¶¶ 23-57.)  Therefore, tolling does not assist her.

3       Furthermore, the theory of continuing violation does not apply to DeLarge's Section

4   1983 claim.  DeLarge's sole allegation within the limitations period is for wrongful termination.

5   However, a theory of continuing violation does not apply to individual acts like suspensions or

6   wrongful terminations under Section 1983.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536

7   U.S. 101, 114-15 (2002); *see also R.K. Ventures v. City of Seattle*, 307 F.3d 1045, 1061 (9th

8   Cir. 2002) (holding that discrete acts cannot establish liability under a Section 1983 claim for

9   events occurring prior to the limitations period on a continuing violation theory).  Therefore, the

10  Court grants Defendants' motion to dismiss DeLarge's Section 1983 claim to the extent that it is

11  premised on any allegations other than her termination.

12          **2.      DeLarge Has Not Stated a § 1983 Claim Under the First Amendment.**

13      DeLarge claims that Defendants terminated her in retaliation for exercising her rights

14  under the First Amendment.  Defendants argue that DeLarge has not plead a First Amendment

15  violation because the only speech referenced in DeLarge's complaint concerns her personal

16  employment situation, which is not a matter of public concern.

17      A First Amendment retaliation claim against a government employer involves a

18      sequential five-step series of questions: (1) whether the plaintiff spoke on a
        matter of public concern; (2) whether she spoke as a private citizen or a public
19      employee; (3) whether the plaintiff's protected speech was a substantial or
        motivating factor in the adverse employment action; (4) whether the state had an
20      adequate justification for treating the employee differently from other members
        of the general public; and (5) whether the state would have taken the adverse
21      action even absent the protected speech.

22  *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009).

23      The threshold and "essential question is whether the speech addressed matters of

24  'public' as opposed to 'personal' interest."  *Desrochers v. City of San Bernadino*, 572 F.3d 703,

25  709 (9th Cir. 2009) (citing *Connick v. Meyers*, 461 U.S. 138, 147 (1961)).  Such an "inquiry is

26  purely a question of law."  *Eng*, 552 F.3d at 1070; *see also Connick*, 461 U.S. at 148 n.7 ("The

27  inquiry into the protected status of speech is one of law, not fact.").  "In a close case, when the

28  subject matter of a statement is only marginally related to issues of public concern, the fact that

6

United States District Court

For the Northern District of California

1    it was made because of a grudge or other private interest or to co-workers rather than to the

2    press may lead the court to conclude that the statement does not substantially involve a matter

3    of public concern." *Johnson v. Multnomah County*, 48 F.3d 420, 425 (9th Cir. 1995).

4           First, the Court must look at the content of the speech to determine whether it involves

5    "issues about which information is needed or appropriate to enable the members of society to

6    make informed decisions about the operation of their government." *McKinley v. City of Eloy*,

7    705 F.2d 1110, 1114 (9th Cir. 1983) (citation omitted).  Whether a public employee's speech or

8    expressive conduct involves a matter of public concern depends on the "content, form, and

9    context of a given statement, as revealed by the whole record." *Connick*, 461 U.S. at 147-48.  A

10   public employee's speech deals with a matter of public concern when it "can fairly be

11   considered as relating to a matter of political, social, or other concern to the community." *Voigt

12   v. Savell*, 70 F.3d 1552, 1559 (9th Cir. 1995).  "Speech that deals with 'complaints over internal

13   office affairs' is not protected when it is not relevant to the public's evaluation of a

14   governmental agency's performance." *Nunez v. Davis*, 169 F.3d 1222, 1227 (9th Cir. 1999).

15   "[S]peech that deals with 'individual personnel disputes and grievances' and that would be of

16   'no relevance to the public's evaluation of the performance of government agencies' is

17   generally not of 'public concern.'" *Cosalzer v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003)

18   (quoting *McKinley*, 705 F.2d at 1114); *see also Connick*, 461 U.S. at 154 (stating that speech

19   limited to "an employee grievance concerning internal policy" is unprotected).  The same would

20   be true of "speech that relates to internal power struggles within the workplace," and speech

21   which holds no interest "beyond the employee's bureaucratic niche." *Desrochers*, 572 F.3d at

22   710 (quoting *Tucker v. Cal. Dep't of Educ.*, 97 F.3d 1204, 1210 (9th Cir. 1996)).

23          In *Desrochers*, two police officers' filed grievances about their superior officer's

24   management practices.  The court held that these grievances were not of public concern because

25   they concerned individual personnel disputes and did not indicate that police department

26   operations were at risk.  *Desrochers*, 572 F.3d at 709-11.  As in *Desrochers*, DeLarge has only

27   alleged that she filed grievances about Gerren's management practices relating to her personal

28   employment.  DeLarge repeatedly alleges that Gerren reprimanded her each time they discussed

United States District Court

For the Northern District of California

1  her employment, and that she was suspended and eventually terminated after repeatedly

2  complaining about Gerren.  (Compl., ¶¶ 32-44, 48, 50, 63.)  Although DeLarge alleges that her

3  disputes with Gerren disrupted the effective implementation of YEP, her statements, as alleged,

4  only concern her personal employment dispute with Gerren.

5         Thus, because DeLarge only alleges speech concerning a personal employment dispute,

6  she fails to allege that her speech was of public concern.  Therefore, this Court grants

7  Defendants' motion to dismiss DeLarge's claim based on the First Amendment.  However,

8  because this Court cannot say that amendment would be futile, this Court also grants DeLarge

9  leave to amend.

10         **3.        DeLarge Has Not Stated a Section 1983 Claim Under Equal Protection.**

11         DeLarge claims that Defendants violated her right to equal protection under the

12  Fourteenth Amendment when they terminated her.  To allege a violation of the Equal Protection

13  Clause, DeLarge must allege (1) discrimination on account of her membership in a distinct

14  group or class, (2) by the State.  *Engquist v. Ore. Dep't of Agric.*, 553 U.S. 591, 607 (2008).  A

15  class-of-one theory of equal protection is invalid where the State acts as employer.  *Id.*

16  DeLarge does not allege that Defendants fired her because of her membership in a distinct

17  group or class.  Instead she alleges that Defendants singularly discriminated against her based

18  on a so called class-of-one theory of discrimination.  Thus, under *Engquist*, DeLarge fails to

19  state a claim under the Equal Protection Clause.

20         DeLarge argues that her case is distinguishable from *Engquist* because DeLarge was not

21  an at-will employee.  This falls short of a full reading of *Engquist*.  In *Engquist*, the Supreme

22  Court recognized that the United States and many individual states have replaced at-will

23  employment with "statutory schemes [that protect] public employees from discharge for

24  impermissible reasons."  *Id.* at 606-07.  However, the Court went on to state, "a government's

25  decision to limit the ability of a public employer to fire at will is an act of legislative grace, not

26  constitutional mandate."  *Id.* at 607.  The Court then concluded, without qualification, that "the

27  class-of-one theory of equal protection has no application in the public employment context."

28  *Id.*  Therefore, DeLarge cannot bring an equal protection claim premised on a class-of-one

theory.  Accordingly, the Court dismisses DeLarge's Section 1983 claim based on an equal protection violation.

### 4.  DeLarge Has Not Stated a Claim Under the Due Process Clause.

#### a.  DeLarge has not stated a procedural due process claim.

DeLarge claims that Defendants denied her procedural due process before terminating her in 2008.  Defendants argue that DeLarge alleges that they gave her notice and an opportunity to be heard before she was terminated, but she refused to participate.  Thus, Defendants conclude, she does not state a violation of procedural due process.  DeLarge counters that she was not given a meaningful opportunity to be heard.  However, she does not indicate why the offered pre-termination hearing was not meaningful.

To state a violation of procedural due process, a government employee must allege: (1) a property interest in continued employment, (2) deprivation of that interest, and that her government employer either (3) did not notify her of the charges against her, or (4) did not give her an opportunity to respond before her interest was deprived.  *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).  Furthermore,  "[w]here adequate procedures exist, a person cannot state a claim for denial of procedural rights when she has elected to forego a complete hearing."  *Correa v. Nampa Sch. Dist.*, 645 F.2d 814, 817 (9th Cir. 1981).

DeLarge admits that she was given notice and an opportunity to be heard, but declined to participate. (Compl., ¶ 62.)  DeLarge, however, has not alleged how the process offered was inadequate.  Thus, because DeLarge does not allege facts indicating that the pre-termination hearing offered was inadequate, she does not state a procedural due process claim.  Therefore, this Court grants Defendants' motion to dismiss DeLarge's Section 1983 action based on a procedural due process claim.

#### b.  DeLarge has not stated a substantive due process claim.

Next, Defendants argue that DeLarge has not alleged facts demonstrating that her substantive due process rights were violated by her termination.  The Fourteenth Amendment provides no State shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  Substantive due process forbids the government from

9

United States District Court

For the Northern District of California

depriving a person of life, liberty, or property in such a way that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty." *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1981) (citing *Rochin v. California*, 342 U.S. 165, 172 (1952) and *Palko v. Connecticutt*, 302 U.S. 319, 325-26 (1937)).  To establish a substantive due process claim, a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property.  *Id.*  Property interests are not created by the Constitution, but rather by state law. *Nunez*, 147 F.3d at 872 (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).  To have a property interest, a plaintiff must have a legitimate claim of entitlement.  *Id.*  In California the terms and conditions of public employment are generally fixed by the statute, rules or regulations creating it, not by contract.  *Id.*

Merely showing deprivation is not enough to prevail.  *Id.* at 871 n.4.  Substantive due process has been accorded only to matters relating to marriage, family, procreation, and the right to bodily integrity; such matters likely represent its outer bounds.  *Id.*  In the public employment context, the Ninth Circuit has limited substantive due process to "extreme cases" where the government actions foreclose access to a particular profession.  *See Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 997-98 (9th Cir. 2007).

DeLarge's allegations fail to state a claim for violation of her substantive due process rights.  She alleges that notations in her employment file regarding her repeated suspensions, unprofessional conduct, and incompetence have stigmatized her "and as a result [have] impeded her attempts to find alternative employment."  (Compl., ¶ 71.)  She does not allege that she is wholly barred or blacklisted from pursuing her chosen profession of educator.  Moreover, although she argues that her personnel file would be reviewed by any school considering whether to hire her and would function as a blacklist, DeLarge fails to explain what is contained in her personnel file and how potential employers would obtain access to it.  Thus, DeLarge has failed to adequately allege all the elements necessary to state a substantive due process claim.

Therefore, this Court grants Defendants' motion to dismiss DeLarge's substantive due process claim.  However, because this Court cannot say that amendment would be futile, this Court grants DeLarge leave to amend.

**United States District Court**
For the Northern District of California

1    **B.      All of DeLarge's State Law Claims Are Barred.**

2              **1.      DeLarge's Whistleblower Claim Fails for Failure to Plead Exhaustion.**

3              DeLarge alleges that Defendants violated the California Whistleblower Protection Act

4    ("CWPA"), Cal. Gov. Code § 8547.8, by retaliating against her after she complained that the

5    District's employees violated her rights.  Defendants argue that DeLarge's CWPA claim is

6    barred because she failed to exhaust her administrative remedies before she filed this suit.

7    DeLarge does not dispute that she failed to file an administrative claim.

8              To bring a retaliation action under the CWPA, a plaintiff must first submit the claim to

9    the appropriate state board, and that board must have issued findings.  *State Bd. of Chiropractic*

10   *Exam'rs v. Super. Ct. of Sacramento Cnty.*, 201 P.3d 457 (Cal. 2009).   This prerequisite is

11   jurisdictional and must be plead as part of the plaintiff's cause of action.  *Hood v. Hacienda La*

12   *Puente Unified Sch. Dist.*, 65 Cal. App. 4th 435, 440 (1998).  DeLarge has not plead that she

13   has submitted her retaliation claim to the state board, and that that board had issued findings.

14   Thus, DeLarge has failed to state a claim under the CWPA.  Moreover, because DeLarge has

15   not indicated that she has, in fact, exhausted her administrative remedies as required, this Court

16   grants Defendant's motion to dismiss DeLarge's second claim without leave to amend.

17             **2.      The Remainder of DeLarge's State Law Claims are Barred.**

18             DeLarge alleges several state tort causes of action against Defendants.  Defendants

19   argue that DeLarge's state tort claims are barred because she did not comply with the California

20   Tort Claims Act ("CTCA").  DeLarge counters that she substantially complied with CTCA's

21   requirements.

22             Under the CTCA, a plaintiff must first file any tort claims against the State or its

23   employees.  If the State rejects the claim, the plaintiff then has six months to file a tort suit

24   against the State.  Cal. Gov. Code § 945.6.  This mandatory requirement is not subject to

25   substantial compliance.  *See Chase v. California*, 67 Cal. App. 3d 808, 812 (1977).  Where a

26   plaintiff fails to commence an action within six months of rejection of her claim under the Tort

27   Claims Act, she is barred from seeking relief.  *Id.*  Furthermore, although a plaintiff's original

28

1   claim need not name individuals, where an action against a public entity is barred under section

2   945.6, that same action against individual public employees is also barred.  Cal. Gov. Code

3   § 950.2.  DeLarge did not file this action against the District until fifteen months after the State

4   rejected her CTCA claim.  Thus, DeLarge's tort claims against both the District and the

5   individually named defendants are barred.  Therefore, this Court grants Defendant's motion to

6   dismiss DeLarge's claims three through five with prejudice.

## CONCLUSION

8       For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss, but

9   GRANTS DeLarge leave to amend her Section 1983 claim to state a claim for violation of her

10  First Amendment rights and of substantive due process based on her termination.  DeLarge shall

11  file her amended complaint in accordance with this order by no later than December 21, 2010.

12  If no amended complaint is filed by December 21, 2010, this case shall be dismissed for failure

13  to state a claim.

14      **IT IS SO ORDERED.**

16  Dated: December 3, 2010

                          _____

17                            JEFFREY S. WHITE
                          UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DEMRTRIA DELARGE,

          Plaintiff,

  v.

HAYWARD UNIFIED SCHOOL DISTRICT et al,

          Defendant.
                       /

Case Number: CV10-01000 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 3, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Frank J. DeBenedetto
Law Offices of Frank J. DeBenedetto
14895 East 14th Street
Suite 485
San Leandro, CA 94578

Dated: December 3, 2010

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

United States District Court

For the Northern District of California

13